UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of Diligence Global Business Intelligence SA, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>Petitioner. | Misc. Case No. M-_____ |

## EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner, Diligence Global Business Intelligence SA ("DGBI"), respectfully asks this Court to grant the Order submitted with this Application, which gives Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Michael Holtzman the subpoena attached as **"Exhibit A"** to this Application, and in support thereof states as follows.

The requested relief is for the purpose of obtaining necessary discovery in aid of a contemplated foreign proceeding. DGBI is a Swiss intelligence and investigative firm. As part of DGBI's investigation into allegations of corruption and money laundering in connection with the 2022 World Cup in Qatar, DGBI conducted a limited and proportionate investigation into the business activities of Cornerstone Global Associates LTD ("Cornerstone") and its director and secretary Ghanem Mohammed Zaki Nuseibeh. DGBI focused on Cornerstone and Mr. Nuseibeh following a February 1, 2019 New York Times article, "Ahead of Qatar World Cup, a Gulf Feud Plays Out in the Shadows." The article describes a "project" by Cornerstone to pursue an agreement with Mike Holtzman, "a prominent public relations executive […] to disclose damaging information about the World Cup bid in exchange for a $1 million payment." It further reports that Mike Holtzman made contact with Ghanem Nuseibeh, after the latter's

interview on the BBC, "saying that he has information about irregularities related to the Qatar FIFA bid that he is prepared to sell." The article also reported that Mr. Nuseibeh and Paul Tweed, Mr. Nuseibeh's lawyer and co-director in other UK companies, met with Mike Holtzman in New York in April or May 2018.

In July 2020, and in accordance with all applicable laws, DGBI commenced a limited and proportionate surveillance in England directed at the commercial activities of Mr. Nuseibeh and Cornerstone. In September 2020, Cornerstone and Ms. Nuseibeh discovered DGBI's investigation, and Mr. Tweed wrote to DGBI alleging a "serious breach of [Mr. Nuseibeh's] privacy and data rights and a course of conduct amounting to harassment." On October 30, 2020, DGBI filed an action in Geneva, Switzerland for declaratory relief, knowing that it had conducted its surveillance in accordance with all applicable laws, including (without limitation) English law (the "Geneva Action"). The Geneva Action seeks a declaration from the court, that neither DGBI, nor its organs and employees, have incurred any liability in contract, tort, or otherwise to Cornerstone and/or Mr. Nuseibeh in connection with DGBI's investigation into those parties, and thus neither Cornerstone, nor Mr. Nuseibeh, has any claim whatsoever against DGBI.

A December 16, 2020 letter from Cornerstone and Mr. Nuseibeh reiterated these claims and notified DGBI that Cornerstone and Mr. Nuseibeh intended to apply for third party disclosure relief and make a request under the European General Data Protection Regulation. DGBI anticipates that Cornerstone and/or Mr. Nuseibeh will file an action in England against DGBI.

To support its position, in the Geneva Action or a potential English action, that its investigation was legal, justified, and conducted in accordance with English law, DGBI seeks

documents and testimony from Michael Holtzman with respect to his and his public relations companies' relationship with Cornerstone, Mr. Nuseibeh and/or any affiliate thereof.  The New York Times article clearly demonstrates the relevance of Mr. Holtzman's knowledge and documents to DGBI's investigation.  Mr. Holtzman is a resident of Larchmont, New York, which is located in this district, and the President of a New York company.

Mr. Holtzman is to be subpoenaed for his testimony and documents, as set forth in more detail below and in the accompanying Declaration of Nicholas Day and Memorandum of Law. Petitioner intends to use the information sought from Mr. Holtzman in support of the pending Geneva Action, and to support its defense in a potential English action.  Specifically, Petitioner seeks to obtain documents and testimony from Mr. Holtzman concerning his, or his companies', relationship and dealings with Cornerstone, Mr. Nuseibeh, and/or Mr. Tweed.

Based upon the Declaration of Nicholas Day and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*.

A.  **The Documents and Testimony Sought**

Petitioner seeks documents and testimony concerning Mr. Holtzman's and/or his companies', relationship and dealings with Cornerstone, Mr. Nuseibeh, and/or Mr. Tweed.  This includes Mr. Holtzman's knowledge and documents concerning (i) irregularities and damaging information concerning the 2022 World Cup in Qatar, (ii) Mr. Holtzman's or his companies' communications with Cornerstone, Mr. Nuseibeh, and/or Mr. Tweed, and (iii) any meetings among the same parties, including but not limited to meetings that took place in April or May 2018.

B. **Petitioner's Application Should Be Granted**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. Mr. Holtzman is located in this District. The Petitioner seeks to use the documents and testimony it requests from Mr. Holtzman in a contemplated foreign proceeding. The documents and testimony sought from Mr. Holtzman are necessary to support Petitioner's declaratory relief action in Geneva and its defense in a potential English action to be brought by Cornerstone and/or Mr. Nuseibeh. Moreover, as set forth in its Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the Application for Order to Conduct Discovery in a Foreign Proceeding *Ex Parte*; (b) enter the Proposed Order submitted with this Application; (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to this Application as Exhibit A; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Respectfully submitted this 19th day of April, 2021.

**BAKER & HOSTETLER LLP**

*/s/ Gonzalo S. Zeballos*

Gonzalo S. Zeballos
gzeballos@bakerlaw.com
Michelle Usitalo
musitalo@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201

*Attorneys for Petitioner*