**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re *Ex Parte* Application of Diligence Global Business Intelligence SA, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>Petitioner. | Misc. Case No. M-_____ |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201

**TABLE OF CONTENTS**

**Page**

BACKGROUND ..................................................................................................................................1

ARGUMENT .......................................................................................................................................3

    I.    PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782..................................................................................................................4

    II.    THE COURT SHOULD GRANT THE PROPOSED DISCOVERY ORDER........5

    III.    THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE*..................................................................................................................................7

CONCLUSION....................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*,
   No. Civ. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ................................... 6

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant
   to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
   No. 13 Misc. 397(PGG), 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ................................. 7

*In re Application of Hornbeam Corp.*,
   No. 14 Misc. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) ............................................ 6

*Brandi-Dohrn v. 1KB Deutsche Industriebank AG*,
   673 F.3d 76 (2d Cir. 2012) .................................................................................................. 4, 5

*In re Chevron Corp.*,
   No. 10-mc-00002 (LAK) (S.D.N.Y. Aug. 6, 2010) ................................................................ 7

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ................................................................................................... 6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ............................................................................................................ 4, 5

*Lancaster Factoring Co. Ltd. v. Mangone*,
   90 F.3d 38 (2d Cir. 1996) ....................................................................................................... 3

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
   376 F.3d 79 (2d Cir. 2004) ..................................................................................................... 5

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ *passim*

28 U.S.C. § 1782(a) .................................................................................................................. 4, 5

Petitioner, Diligence Global Business Intelligence SA, ("DGBI" or "Petitioner"), a Swiss company, respectfully submits this memorandum of law in support of its application for an order, pursuant to 28 U.S.C. § 1782, to conduct discovery for use in aid of a foreign proceeding by serving a subpoena on Mike Holtzman.

## BACKGROUND

DGBI is a Swiss company located in Geneva that specializes in intelligence services and private investigations. It is a member of the Swiss Association of Investigative and Economic Intelligence Professionals. (Declaration of Nicholas Day dated April 16, 2021 (hereafter, the "Day Decl.") ¶¶ 2-3.) As part of DGBI's investigation into allegations of corruption and money laundering in connection with the 2022 World Cup in Qatar, DGBI conducted a limited and proportionate investigation into the business activities of Cornerstone Global Associates LTD ("Cornerstone") and its director and secretary Ghanem Mohammed Zaki Nuseibeh. (*Id.* at ¶¶ 4-5.)

DGBI focused on Cornerstone and Mr. Nuseibeh following a February 1, 2019 New York Times article, "Ahead of Qatar World Cup, a Gulf Feud Plays Out in the Shadows." *Id.* at ¶ 5. The article describes a "project" by Cornerstone to pursue an agreement with Mike Holtzman, "a prominent public relations executive […] to disclose damaging information about the World Cup bid in exchange for a $1 million payment." It further reports that Mike Holtzman made contact with Ghanem Nuseibeh, after the latter's interview on the BBC, "saying that he has information about irregularities related to the Qatar FIFA bid that he is prepared to sell." *Id.* at ¶ 8. The article also reported that Mr. Nuseibeh and Paul Tweed, Mr. Nuseibeh's lawyer and co-director in other UK companies, met with Mike Holtzman in New York in April or May 2018. *Id.* at ¶¶ 9-10.

1

After being alerted to these events, DGBI began researching Cornerstone and Mr. Nuseibeh on publicly available registers and databases. *Id.* at ¶ 11. In July 2020, and in accordance with all applicable laws, DGBI commenced a limited and proportionate surveillance in England directed at the commercial activities of Mr. Nuseibeh and Cornerstone. *Id.* at ¶ 12.

In September 2020, Cornerstone and Ms. Nuseibeh discovered DGBI's investigation, and Mr. Tweed wrote to DGBI alleging "serious breach of [Mr. Nuseibeh's] privacy and data rights and a course of conduct amounting to harassment." *Id.* at ¶¶ 13-14. On October 30, 2020, DGBI filed an action in Geneva, Switzerland for declaratory relief, knowing that it had conducted its surveillance in accordance with all applicable laws, including (without limitation) English law (the "Geneva Action"). *Id.* at ¶ 15. The Geneva Action seeks a declaration from the court that neither DGBI, nor its organs and employees, have incurred any liability in contract, tort, or otherwise to Cornerstone and/or Mr. Nuseibeh in connection with DGBI's investigation into those parties, and thus neither Cornerstone, nor Mr. Nuseibeh, has any claim whatsoever against DGBI. *Id.* at ¶ 16. This position is supported by the fact that DGBI's surveillance operation was part of its investigation into money laundering and corruption, properly founded and justified on the basis, among other things, that as alleged in the New York Times article, Cornerstone paid or tried to pay Michael Holtzman US$ 1 million in exchange for damaging information about the 2022 World Cup bid. *Id.* at ¶ 20.

Subsequently, in a November 13, 2020 letter, Cornerstone and Mr. Nuseibeh accused DGBI of "conducting covert surveillance when investigating allegations of bribery, corruption and related money laundering" and claimed there is "no proper justification for [DGBI's] surveillance activities." *Id.* at ¶ 17. Another letter from Cornerstone and Mr. Nuseibeh on December 16, 2020 reiterated these claims and notified DGBI that they intended to apply for

third-party disclosure relief and make a request under the European General Data Protection Regulation.  *Id.* at ¶ 18.  Given these threats and allegations, DGBI is fully expecting that Cornerstone and/or Mr. Nuseibeh will file an action in England against DGBI.  *Id.* at ¶ 19.

To support its position, in the Geneva Action or a potential English action, that its investigation was legal, justified, and conducted in accordance with English law, DGBI seeks documents and testimony from Michael Holtzman with respect to his and/or his public relations companies' relationship with Cornerstone, Mr. Nuseibeh and/or any of their respective affiliates.  *Id.* at ¶ 21.  The New York Times article clearly demonstrates the relevance of Mr. Holtzman's knowledge and documents to DGBI's investigation.  Mr. Holtzman is a resident of New York and the President of a New York company.  *Id.* at ¶¶ 21, 23.  Accordingly, DGBI has filed this application to obtain discovery from Mr. Holtzman in support of the pending Geneva Action, and to support its defense in a potential English action.  *Id.* at ¶ 22.

## ARGUMENT

Section 1782 of Title 28 of the United States Code permits the United States District Courts to grant discovery for use in a foreign proceeding.  The statute, in relevant part, states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782.  The goals of this statute are twofold: "to provide equitable and efficacious discovery procedures in the United States courts for the benefit of tribunals and litigants involved in litigation with international aspects . . . and to encourage foreign countries to provide similar means of assistance to [United States] courts."  *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (internal quotations and citations omitted).  "In pursuit of these twin

goals, the section has, over the years, been given increasingly broad applicability." *Id.* (internal quotations and citations omitted).

When a court finds that the statutory requirements of 28 U.S.C. § 1782 are met, it may, in its discretion, grant an application for discovery. The United States Supreme Court has articulated a number of factors the district courts should consider when weighing an application under Section 1782. As set forth in greater detail below, all these discretionary factors weigh in favor of granting Petitioner the requested discovery.

**I.      PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

Courts are authorized to grant an application made pursuant to 28 U.S.C. § 1782 where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. 1KB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Petitioner's application satisfies all three statutory requirements.

**First**, Mr. Holtzman is resident in the Southern District of New York and is the President of a New York company and should be able to easily produce documents and provide testimony in this District. Day Decl. at ¶¶ 21, 23.

**Second**, the discovery sought is for use in both a pending and a contemplated foreign proceeding. DGBI has commenced the Geneva Action seeking a declaration from the Swiss court that DGBI is not liable to Cornerstone and/or Mr. Nuseibeh. Based on the correspondence received from Cornerstone and Mr. Nuseibeh's representatives in 2020, DGBI believes it likely that Cornerstone and/or Mr. Nuseibeh will commence an action against DGBI in England. *See, e.g.*, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) ("[W]e hold that

4

§ 1782(a) requires only that a [proceeding] be within reasonable contemplation."); Day Decl. ¶¶ 17-19.

**Third**, Petitioner is an "interested person" authorized to bring this application as it is the plaintiff in the Geneva Action, and potential defendant in a possible English action.  *Id.* ¶ 21; *see Intel Corp.*, 542 U.S. at 256.

## II.   THE COURT SHOULD GRANT THE PROPOSED DISCOVERY ORDER

"Once the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (internal quotations and citation omitted).  The Supreme Court has identified a number of factors that the district courts are to consider in ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome.  *See Intel Corp.*, 542 U.S. at 264-65; *Brandi-Dohrn*, 673 F.3d at 80-81.  Here, all of these factors weigh in favor of granting Petitioner's application.

First, where, as here, discovery is sought from an individual that is not participating in the foreign proceeding, the need for court-ordered discovery is apparent.  As the Supreme Court explained, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted).

The second factor identified by the Supreme Court—the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal-court assistance—requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006) (internal citations omitted). In weighing these elements, courts may only rely on "authoritative proof." *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is no evidence that this discovery would "offend" Switzerland or England, but instead, as set forth above, it will inform the court's analysis in adjudicating the relief sought by DGBI. There is no indication that the documents or testimony obtained would not be admissible in the courts of Switzerland or England.

Following from this, the third factor also suggests that discovery should be granted, as this application is clearly not an attempt to circumvent any foreign proof gathering restrictions. "[T]he burden is on the opponent of a § 1782 request to prove that the foreign court would reject the evidence obtained through § 1782." *In re Application of Hornbeam Corp.*, No. 14 Misc. 424, 2014 WL 8775453, at *4 (S.D.N.Y. Dec. 24, 2014); *see also Euromepa*, 51 F.3d at 1099-1100 ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). The discovery sought here does not, to Petitioner's knowledge, violate any restrictions under Swiss or English law on evidence gathering. Rather, the discovery sought pertains specifically to the knowledge and documents of Mr. Holtzman and his, or his companies', relationship with Cornerstone and/or Mr. Nuseibeh. The 2019 New York Times article detailing Mr. Holtzman's possible role in Cornerstone's and Mr. Nuseibeh's alleged

6

corruption and money laundering in connection with the 2022 World Cup in Qatar demonstrates that Mr. Holtzman has information relevant to the Geneva Action, and DBSI's potential defense in a possible English action.

Finally, this application is not burdensome. DGBI is simply seeking the documents that Mr. Holtzman has in possession relating to his, or his companies' dealings and relationship with Cornerstone and Mr. Nuseibeh, and Mr. Holtzman's testimony on the same. The request is limited in scope and relevant to the claims DGBI is pursuing in the Geneva Action, and the defenses anticipated in a potential English action.

### III.     THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE*

The Court should grant Petitioner's application *ex parte*. *Ex parte* applications under 28 U.S.C. § 1782 are routine in this district. *See In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, 15-mc-417 (LAK), 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016); *In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 Misc. 397(PGG), 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014). As noted by Judge Kaplan:

> Applications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte*. Where, as here, the application is for the issuance of subpoenas, no substantial rights of the subpoenaed person are implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas.

*In re Chevron Corp.*, No. 10-mc-00002 (LAK) (S.D.N.Y. Aug. 6, 2010) (Dkt. 2). Mr. Holtzman will not be prejudiced by granting Petitioner's application *ex parte* as he will have an opportunity to challenge the discovery Petitioner is seeking once it is served.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court endorse the Proposed Order submitted herewith to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application"), to serve the subpoena annexed to the Application as Exhibit A.

Dated: April 19, 2021
      New York, New York

                                           **BAKER & HOSTETLER LLP**

                                           */s/ Gonzalo S. Zeballos*
                                           Gonzalo S. Zeballos
                                           gzeballos@bakerlaw.com
                                           Michelle R. Usitalo
                                           musitalo@bakerlaw.com
                                           45 Rockefeller Plaza
                                           New York, NY 10111
                                           Telephone: 212-589-4200
                                           Facsimile: 212-589-4201